IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2022 AUG 25  PM 3: 00

| | |
|---|---|
| ~~EARL HAYES,~~<br>　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>BRADY CONDLIN, a Trooper from the New York State Police, in his Individual and Official Capacity;<br>STEVEN SCHMOKE, believed to be a Police Officer from the New York State Police, in his Individual and Official Capacity,<br>　　　　　　　　　　　　　Defendants. | Complaint for Violation of Civil Rights<br><br>(Non-Prisoner Complaint)<br><br>Case No. _____<br><br>JURY TRIAL DEMANDED |

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| Earl | E. | Hayes |
|---|---|---|
| First Name | Middle Initial | Last Name |

N/A

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

N/A

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

N/A

Current Place of Detention

N/A

Institutional Address

| N/A | N/A | N/A |
|---|---|---|
| County, City | State | Zip Code |

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☑ Other:   I am not a prisoner

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|
| Brady | Condlin | 3506 |

Current Job Title (or other identifying information): Trooper, New York State Police

Current Work Address: 18 Middlebush Road

| County, City | State | Zip Code |
|---|---|---|
| Wappingers Falls | New York | 12590 |

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|
| Steven | Schmoke | |

Current Job Title (or other identifying information): Employee of New York State Police

Current Work Address: 2541 Route 44

| County, City | State | Zip Code |
|---|---|---|
| Salt Point | New York | 12578 |

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|
| | | |

Current Job Title (or other identifying information):

Current Work Address:

| County, City | State | Zip Code |
|---|---|---|
| | | |

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|
| | | |

Current Job Title (or other identifying information):

Current Work Address:

| County, City | State | Zip Code |
|---|---|---|
| | | |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Taconic State Parkway

Date(s) of occurrence: April 19, 2021

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Plaintiff, Earl Hayes, was driving northbound, and traveling at approximately 50 MPH, on the Taconic State Parkway, on April 19, 2021, at approximately 4:45 PM, when he was stopped by Defendant Brady Condlin. Defendant Condlin approached Plaintiff's rental vehicle and requested Plaintiff's driver's license and the registration and insurance documents for the vehicle. Plaintiff provided all of the requested items and Defendant Condlin took the same and walked back to his patrol vehicle. Shortly thereafter, Defendant Condlin returned to Plaintiff's vehicle and told Plaintiff that he, Condlin, smelled burned marijuana coming from Plaintiff's vehicle, which Plaintiff denied. Defendant Condlin asked Plaintiff if Plaintiff had been smoking marijuana, to which Plaintiff answered, "You are looking right at me. Do I appear to be under the influence of anything other than natural air? I absolutely have not been smoking anything at all." Defendant Condlin then ordered Plaintiff to exit his vehicle. Once Plaintiff exited his vehicle, Defendant Condlin conducted a pat-down search (frisk) of Plaintiff and then immediately followed up with an intrusive search and probe of Plaintiff's pockets and the personal effects found therein. Defendant Condlin discovered that Plaintiff was in possession of approximately $5,100 in United States currency, but he failed to find any contraband or evidence of any crime. Defendant Condlin nevertheless ordered Plaintiff to walk to Condlin's patrol vehicle and Condlin locked Plaintiff in the back seat.

Page 4

Defendant Condlin then went back to Plaintiff's vehicle and conducted a thorough search of the interior of said car. The search of the interior failed to produce any contraband or evidence of any crime. Defendant Condlin then engaged the lever and popped open the trunk of Plaintiff's car, and then began to search it. Defendant Condlin found a medium-size knapsack and seized it. Defendant Condlin attempted to open the knapsack and discovered that it was locked. Defendant Condlin then brought the knapsack to the back of his patrol vehicle and asked Plaintiff what was in the knapsack. Plaintiff told Defendant Condlin that what was in the knapsack was none of the Defendant's business, to which

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

No physical injuries.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

Plaintiff seeks compensatory and punitive damages in an amount that will be disclosed in the future. Plaintiff also seeks declaratory and injunctive relief. Towards that end, Plaintiff seeks a declaration declaring that New York State's cigarette tax law is unconstitutional because it purports to criminalize the mere possession of cigarettes which were purchased outside of the state. Plaintiff seeks an immediate temporary injunction enjoining all law enforcement officers in New York state from attempting to enforce the State's cigarette tax law while this litigation is pending.

## Statement of Facts - Continued from Page 5

Defendant replied, "I gotta know what's in there." Plaintiff told the Defendant that it was none of the Defendant's business, and the Defendant repeatedly said, "I gotta know." Defendant Condlin then asked Plaintiff for the key that unlocked the lock on the knapsack. Plaintiff refused to answer or comply. Defendant Condlin then removed Plaintiff from the patrol vehicle and searched Plaintiff again, presumably in an effort to locate the key. When this second search failed to produce the key, Defendant Condlin placed Plaintiff back into the back seat of the patrol car and locked Plaintiff inside. Defendant Condlin then returned to Plaintiff's automobile and searched the vehicle interior a second time. Defendant Condlin recovered a set of keys from within Plaintiff's car and the Defendant began trying the keys to determine if one of the keys opened the lock. Defendant Condlin found the key to the lock and he unlocked the knapsack and opened it. Defendant Condlin discovered that the knapsack contained, by Plaintiff's estimate, approximately four and one-half pounds of high-grade marijuana. Defendant Condlin seized the marijuana as well as approximately 95 cartons of cigarettes which were in several large black, opaque plastic bags. Plaintiff was arrested and transported to the State Police barracks in Wappingers Falls, New York. Plaintiff was charged with a felony tax offense pertaining to the cigarettes and misdemeanor marijuana possession. Plaintiff was also issued traffic citations for speeding and lane violation. Before Plaintiff was issued a Desk Appearance Ticket and released, Defendant Condlin took Plaintiff to a room within the barracks and subjected Plaintiff to a battery of field sobriety tests, all of which Plaintiff passed. Plaintiff was required to travel to East Fishkill Town Court once a month for approximately one year to appear in court for the charges that had been filed against him. Each time that Plaintiff appeared in court he was threatened with imprisonment and pressured to accept a plea offer which would have required him to plead guilty to the traffic offenses and forfeit all of the property seized, including the cash. All charges were eventually dismissed in April of 2022. After the charges were dismissed, the police returned Plaintiff's money to him, but the rest of Plaintiff's property was retained by law enforcement. Plaintiff eventually discovered that it was Defendant Schmoke who had sworn out the Felony Complaint, accusing Plaintiff of committing the

tax offense, even though Defendant Schmoke did not have any direct knowledge of the facts and circumstances surrounding Plaintiff's encounter with Defendant Condlin.

PAGE 5B

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| August 19, 2022 | *[signature]* |
|---|---|
| Dated | Plaintiff's Signature |

| Earl | | Hayes |
|---|---|---|
| First Name | Middle Initial | Last Name |

66 Stuyvesant Road
~~Prison~~ Address

| Teaneck | New Jersey | 07666 |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: N/A

Mr. Earl Hayes
66 Stuyvesant Road
Teaneck, NJ 07666

United States District Court
500 Pearl Street
New York, New York 10007
Attn: Pro Se Clerk's Office

August 19, 2022

**Re:   Earl Hayes v. Brady Condlin, et al.**

Dear Sir/Madam:

Kindly find enclosed herein a Civil Rights Complaint, pursuant to 42 U.S.C. § 1983, together with a United States postal money order in the amount of $405.00, to cover the filing fee.

Please be advised that any and all correspondence regarding this matter may be sent to me at the address listed above.

Thank you in advance for your time and attention to this matter.

Yours, etc.,

*Earl Hayes*
Earl Hayes

enclosure

MR. EARL HAYES
66 STUYVESANT Rd.
TEANECK, NJ 07666

Attn: Pro Se Clerks Office
United States District Court
500 Pearl Street
New York, New York 10007

EXTREMELY
URGENT