UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL HAYES,

                    Plaintiff,

            -against-

BRADY CONDLIN; STEVEN SCHMOKE,

                    Defendants.

No. 22-CV-7295 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is proceeding *pro se,* has filed a motion requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer "irreparable harm" and (2) either (a) a "likelihood of success on the merits" of his case or (b) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in his favor. *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000) (articulating the same considerations). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quotation marks omitted) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Plaintiff's submission does not demonstrate that he is likely to suffer irreparable harm. The Court interprets Plaintiff's submission such that the basis for the preliminary injunction is that the enforcement of New York's cigarette tax law is unconstitutional. In short, the harm allegedly visited upon Plaintiff—the enforcement of this law— is not ongoing, nor has Plaintiff put forward allegations establishing the law will likely be enforced against him again. Additionally, Plaintiff has failed to demonstrate that he cannot be compensated monetarily

should such a scenario come to pass—indeed, Plaintiff overtly requests such a financial remedy. Finally, Plaintiff's submission fails to suggest a likelihood of success on the merits of the constitutionality of the underlying question of the issue, namely the enforcement of the state law cigarette tax, to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.  Accordingly, Plaintiff's request for preliminary injunctive relief is denied without prejudice to renewal at a later time.  The Court will address the merits of the complaint in due course.

## CONCLUSION

Plaintiff's request for preliminary injunctive relief is denied without prejudice to renewal at a later time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 19, 2022
         White Plains, New York

_____
         KENNETH M. KARAS
         United States District Judge